■ BARRY BROWN, Respondent, v ESTATE OF EDWARD MANNING, Appellant, et al., Defendant. [728 NYS2d 720] —In an action to recover damages for personal injuries, the defendant Estate of Edward Manning appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated September 6, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it. By letter dated June 14, 2001, the appellant notified this Court that the action had been settled, and that the appeal, which was on the submission calendar for June 20, 2001, was being withdrawn. The signed stipulation of discontinuance of the action and the general release executed by the plaintiff are both dated May 17, 2001.

Ordered that the appeal is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the parties to the appeal and their counsel are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against

the parties and/or their respective counsel pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office of the clerk of this Court and serving one copy of the same on all parties to the action on or before September 14, 2001; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve a copy of this order upon counsel for both parties to the appeal by regular mail.

Section 670.2 (g) of the rules of this Court provides, in relevant part, that "[i]f a cause or the underlying action is wholly or partially settled * * * the parties or their counsel shall immediately notify the court," and "[a]ny attorney or party who, without good cause shown, fails to comply with the requirements of this subdivision shall be subject to the imposition of such costs and/or sanctions as the court may direct" (22 NYCRR 670.2 [g]). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.